# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

THAD D. HALL,

    Plaintiff,

v.                                                                                     CIV 01-182 KBM

NEW MEXICO DEPARTMENT
OF CORRECTIONS, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is again before the Court on Defendants' Motion for Partial Dismissal *(Doc. 7)* and Defendants' Motion to Strike Lawrence Tafoya as a Defendant *(Doc. 14)*. No responses to either motion were served within the time permitted by D.N.M.LR-CIV. 7.6(a). On April 12, 2001, I entered an Order to Show Cause requiring Plaintiff to show cause why these motions should not be granted for failure to file a timely response in opposition. *See* D.N.M.LR-CIV. 7.5(b) (non-movant is deemed to have consented to the granting of the motions when no timely response is filed).[1]

In Plaintiff's Response, Richard B. McClarkin details temporary problems with managing his office and steps he has taken to assure that there will be no similar problems. Plaintiff admits that "[t]he facts . . . require sanctions but not dismissal." *Response to OSC* at 6. McClarkin clearly accepts full responsibility for the failure to comply with the deadlines, and I agree with him that "[a]ny sanctions determined by the court to be appropriate should be directed at the attorney responsible for the failure to respond." Indeed, as the Tenth Circuit recently noted, "entry of an adverse judgment for violation of a local rule is a severe sanction that is appropriate only when a

---

[1] *But see* D.N.M.LR-CIV.1.7 ("Waiver of Rules. These rules may be waived by a Judge to avoid injustice.")

lesser sanction would not serve the ends of justice." *Mendez v. Brown*, 2001 WL 433448 (10th Cir. April 27, 2001) (unpublished & attached).

Therefore, I will require Mr. McClarkin to pay reasonable attorneys' fees and costs incurred by Defendants in preparing their "notice of consent to dismissal" and in the preparation and filing of their Reply to my order to show cause. Counsel is cautioned that any future failure to comply with the local rules will be subject to more severe sanctions, including dismissal.

I further directed Plaintiff to also address the issues raised in both of the defendants' motions. Plaintiff concedes that Lawrence Tafoya should be stricken as a defendant. As to the motion for partial dismissal, Defendants correctly note that a person must file suit within ninety days after receiving the right-to-sue letter. 29 U.S.C. § 626(e). Defendants contend that Plaintiff was one day late in filing this action. In doing so, Defendants ask that I apply a presumption that three days constitutes a reasonable calculation for mailing time.

However, Paragraph 12 of the Complaint alleges that "this action is filed within 90 days of Plaintiff's receipt of his right to sue letter from the EEOC." On a motion to dismiss, the allegations are presumed true. Therefore, this issue would be more properly addressed on a motion for summary judgment.

Wherefore,

**IT IS HEREBY ORDERED AS FOLLOWS:**

(1)  Defendants' Motion to Strike Lawrence Tafoya as a Defendant *(Doc. 14)* is **granted**;

(2)  Defendants' Motion for Partial Dismissal *(Doc. 7)* is **denied**; and

(3)  Mr. McClarkin shall pay to Defendants their reasonable attorneys' fees and costs incurred by Defendants in preparing their "notice of consent to dismissal" and in the preparation and filing of their Reply to my order to show cause.

_____
UNITED STATES MAGISTRATE JUDGE

Copr. © West 2001 No Claim to Orig. U.S. Govt. Works

2001 WL 433448 (Table)
**Unpublished Disposition**

**(Cite as: 2001 WL 433448 (10th Cir.(Okla.)))**

Only the Westlaw citation is currently available.

NOTICE: THIS IS AN UNPUBLISHED OPINION.  Use FI CTA10 Rule 36.3 for rules regarding the citation of unpublished opinions.

NOTE: THIS OPINION WILL NOT BE PUBLISHED IN A PRINTED VOLUME. THE DISPOSITION WILL APPEAR IN A REPORTER TABLE.

United States Court of Appeals, Tenth Circuit.

**Ramon MENDEZ, Plaintiff-Appellant,**
v.
**Scott BROWN, Deputy Sheriff; John Whetsel, Sheriff; Board of County Commissioners of Oklahoma County, Defendants-Appellees.**

No. 00-6071.

April 27, 2001.

Before TACHA, Chief J., EBEL and BRISCOE, Circuit JJ.

ORDER AND JUDGMENT  [FN*]

> FN* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir.R. 36.3.

EBEL.

**\*1** After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a)(2); 10th Cir.R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff Ramon Mendez appeals from the district court's grant of summary judgment, in accordance with a local rule, because of his failure to respond to defendants' summary judgment motion, and from the court's denial of his motion for reconsideration. For the reasons stated below, we affirm.

Plaintiff brought this action against defendants under 42 U.S.C. § 1983 and state law alleging violation of his constitutional rights to be free from false arrest and from cruel and unusual punishment and alleging assault and battery. [FN1] On January 3, 2000, defendants moved for summary judgment on several grounds. Although plaintiff subsequently filed witness and exhibit lists in preparation for trial, he never filed a response to the summary judgment motion. On February 9, the district court issued an order noting that more than eighteen days had passed since defendants filed their motion and that plaintiff had failed to respond. Citing Local Rule 7.1(e), which provides that a motion not opposed within eighteen days may be deemed confessed, [FN2] the district court "in its discretion deem[ed] the Defendants' Motion to be confessed," and granted summary judgment to defendants. Appellant's App. at 41. The court further ordered that its ruling "[would] be reconsidered only in accordance with Rule 60(b), Fed.R.Civ.Pro. and *Hancock v. City of Oklahoma City,* 857 F.2d 1394, 1396 (10th Cir.1988); *Meade v. Grubbs,* 841 F.2d 1512, 1520-1522 (10th Cir.1988); *DG Shelter Products Co. v. Forest Products Co.,* 769 F.2d 644, 645 (10th Cir.1985)." Appellant's App. at 41. On February 11, plaintiff filed a motion for reconsideration on the grounds that the failure to

respond to the summary judgment motion was due to mistake, inadvertence, and excusable neglect on the part of plaintiff's counsel. The district court denied the motion for reconsideration, although it altered its dispositive analysis in a significant respect discussed below.

> FN1. The charges levied against plaintiff were eventually dismissed.
>
> FN2. Western District of Oklahoma Local Civil Rule 7.1(e), which was renumbered 7.2(e) effective October 1, 2000, provides as follows: "Each party opposing a motion, application or objection shall file with the Clerk and serve upon all other parties a response within eighteen (18) days from the date of the motion, application or objection was *filed* .... Any motion, application or objection which is not opposed within eighteen (18) days may, in the discretion of the Court, be deemed confessed."

Plaintiff filed a timely notice of appeal and challenges both the initial grant of summary judgment and the denial of his motion for reconsideration. We review a district court's grant of summary judgment based on a party's failure to respond to a summary judgment motion, in violation of a local rule, for an abuse of discretion. *Hancock,* 857 F.2d at 1395. We review the denial of a motion for reconsideration, which we construe as filed pursuant to Fed.R.Civ.P. 59(e), [FN3] under the same standard. *Phelps v. Hamilton,* 122 F.3d 1309, 1324 (10th Cir.1997). Without addressing the appropriateness of the district court's initial grant of summary judgment, we affirm on the basis of its analysis on reconsideration.

> FN3. Because plaintiff filed his motion for reconsideration within ten days of the court's judgment, it is considered a Rule 59(e) motion. *See Hatfield v. Bd. of County Comm'rs,* 52 F.3d 858, 861 (10th Cir.1995).

When a court grants summary judgment and dismisses a case for failing to respond to a summary judgment motion in violation of a local rule, we apply a fairly rigorous standard to the court's action; that is, we require a court to consider on the record "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; and (3) the culpability of the litigant." *Hancock,* 857 F.2d at 1396. We impose this rigorous standard because entry of an adverse judgment for violation of a local rule is a severe sanction that is appropriate only when a lesser sanction would not serve the ends of justice. [FN4] *Id.; Meade v. Grubbs,* 841 F.2d 1512, 1520 (10th Cir.1988). On reconsideration here, however, the court sanctioned plaintiff's noncompliance with the local rule by simply deeming defendants' statement of uncontested facts admitted. This exercise of the court's discretion is not subject to the stringent considerations imposed by cases such as *Hancock* and *Meade.* Although it may ultimately result in a grant of summary judgment, deeming facts admitted is not the same as imposing the harsh and conclusive sanction of an adverse judgment on the noncomplying party. We therefore evaluate the district court's discretion in this regard under the general standard, which defines an abuse of discretion as "an arbitrary, capricious, whimsical or manifestly unreasonable judgment." *FDIC v. Oldenburg,* 34 F.3d 1529, 1555 (10th Cir.1994) (quotations omitted); *cf. Sports Racing Servs., Inc. v. Sports Car Club of Am., Inc.,* 131 F.3d 874, 894 (10th Cir.1997) (reviewing exclusion of evidence at summary judgment stage of proceedings for abuse of discretion).

> FN4. We note that other circuits do not permit the entry of summary judgment on this basis without a determination on the merits of the Rule 56 motion. *See, e.g., Stough v. Mayville Comm. Sch.,* 138 F.3d 612, 614-15 (6th Cir.1998); *Anchorage Assocs. v. Virgin Islands Bd. of Tax Review,* 922 F.2d 168, 175-76 (3d Cir.1990); *Jaroma v. Massey,* 873 F.2d 17, 19-20 (1st Cir.1989).

**\*2** On appeal, plaintiff argues that the district court abused its discretion in denying his motion for reconsideration because the failure to respond

to the summary judgment motion was due to his counsel's ignorance of Local Rule 7.1(e), not counsel's intentional disregard of that rule, and because the failure to respond was not part of a pattern of delay and neglect on his part. He further contends that any penalty should have been imposed on counsel rather than plaintiff. We see no abuse of discretion. The court noted that plaintiff, through his counsel, was aware defendants' summary judgment motion had been filed and chose not to respond to it, or move that it be stricken, because of its alleged untimeliness. The court also noted, correctly, that plaintiff, through his counsel, should have been aware of Local Rule 7.1(e). [FN5] Parties choose their counsel and generally are bound by their acts. *See Link v. Wabash R.R. Co.,* 370 U.S. 626, 633-34 (1962); *Sec. Nat'l Bank v. John Deere Co.,* 927 F.2d 519, 520 (10th Cir.1991) ("[I]t is a fundamental principle of our representational legal system ... that a party acts through chosen counsel, whose carelessness or ignorance, therefore, generally does not constitute grounds for relief for his client."). Under these circumstances, the court's decision to deem defendants' asserted facts admitted was not arbitrary or unreasonable.

> FN5. Indeed, counsel should also have been aware of Local Rule 56.1, which provides that "[a]ll material facts set forth in the statement of the material facts of the movant shall be deemed admitted for the purpose of summary judgment unless specifically controverted by the statement of material facts of the opposing party." W.D.Okla.LCvR 56.1(c). Other courts within this circuit employ similar rules, and we have not questioned their application. *See, e.g., Taylor v. Pepsi-Cola Co.,* 196 F.3d 1106, 1108 n. 1 (10th Cir.1999); *Mitchael v. Intracorp, Inc.,* 179 F.3d 847, 856 (10th Cir.1999).

The final matter is to determine whether defendants were in fact entitled to summary judgment. The district court held that based on the deemed admissions, defendants were entitled to summary judgment. Although the court provided no legal analysis supporting its conclusion, plaintiff has not challenged the court's determination on appeal. Plaintiff has thereby waived any challenge to the legal basis for the court's ruling. *State Farm Fire & Cas. Co. v. Mhoon,* 31 F.3d 979, 984 n. 7 (10th Cir.1994). Accordingly, we affirm the entry of judgment against plaintiff.

AFFIRMED.

BRISCOE, Circuit Judge, dissenting:

I respectfully dissent from the majority opinion. I would conclude the district court abused its discretion in granting defendant's summary judgment motion and in denying plaintiff's motion for reconsideration.

In *Meade v. Grubbs,* 841 F.2d 1512, 1520, 1521 n. 7 (10th Cir.1988), we noted three aggravating factors which are generally the focus for district courts in determining whether to deem a matter confessed for violation of local rules: (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; and (3) the culpability of the litigant. We further noted that "only when these aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is outright dismissal with prejudice an appropriate action." *Id.* In *Meade,* we applied these factors and concluded that dismissal with prejudice was unwarranted.

According to the majority opinion, the *Meade* standard does not apply because the district court "sanctioned plaintiff's noncompliance with the local rule by simply deeming defendants' statement of uncontested facts admitted." Op. at 4. However, the effect of the court's action was to deem defendant's summary judgment motion confessed. Where a summary judgment motion is deemed confessed as a result of counsel's failure to comply with a local rule, we apply the *Meade* standard. For example, in *Hancock v. City of Oklahoma City,* 857 F.2d 1394, 1395 (10th Cir.1988), this court applied the *Meade* test where a litigant failed to respond to a summary judgment motion and the motion was deemed

5

confessed pursuant to local rules. *See also Green v. Dorrell,* 969 F.2d 915, 916-17 (10th Cir.1992) (applying *Meade* where plaintiff failed to respond to motion to dismiss and the motion was deemed confessed).

**\*3** After applying the *Meade* factors, I would conclude the district court's denial of the plaintiff's request for an extension of time was unreasonable and an abuse of discretion. The district court found this case had been set on the March 2000 docket since October 1999, and that allowing plaintiff to file a late response to the summary judgment motion would delay the trial. The complaint was filed in June 1999. There is no evidence that delaying the case to the April or May 2000 docket would have prejudiced defendant or the court.

The district court found that the litigant was culpable because plaintiff's counsel deliberately chose not to respond to the motion for summary judgment. There is no evidence to support the conclusion that plaintiff's counsel knew that his response was due and failed to file it. To the contrary, plaintiff argues his counsel failed to read Local Rule 7.1(e) and believed, based upon Federal Rule of Civil Procedure 56, that no brief was due until the hearing was scheduled. While failure to read local rules is certainly not a laudable excuse, it is no more culpable than counsel's conduct in *Hancock,* where plaintiff's counsel was given the motion for summary judgment and did not notice it in a stack of papers until after the time to respond had passed. The distinction we should draw is the difference between intentional, informed conduct and negligent conduct. Counsel's conduct here was at most negligent and as in *Hancock* should not result in the entry of summary judgment for the defendants.

The district court did not evaluate whether the aggravating factors outweighed the judicial system's interest in resolving cases on the merits. However, a slight delay because of failure to read local rules is insufficient to outweigh the interest in resolving cases on the merits.

I would reverse and remand to permit summary judgment briefing to proceed.

END OF DOCUMENT